**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Barry H. Hart, et al.,

Defendants.

No. 05-CV-1008-PHX-FJM

**ORDER**

**I.**

Plaintiff filed this action to reduce Barry Hart's and Mary Hart's outstanding federal income tax liabilities to judgment, to reduce Barry Hart's outstanding employment tax liabilities to judgment, and to foreclose federal tax liens on property that is currently titled in the name of MJH Trust, Mary J. Hart, Trustee. We have before us defendant Barry Hart's motion to dismiss (doc. 32), defendant MJH Trust's joinder (doc. 33), defendant Mary Hart's joinder (doc. 34), and plaintiff's response (doc. 38). Defendants failed to file a reply. Also before the court is defendants' second request for an extension to file an answer (doc. 26).

**II.**

A proceeding to collect taxes must be commenced within ten years of the taxes' assessment. 26 U.S.C. § 6502(a)(1). Defendants argue that this statute of limitations bars the plaintiff from recovering income taxes assessed for years 1990, 1991, 1992, 1993, and 1994; Form 940 employment taxes assessed for the period ending December 31, 1993;

and Form 941 employment taxes assessed for the periods ending June 30, 1992 through March 31, 1995. Motion to Dismiss at 1. Plaintiff concedes that the statute of limitations bars recovery of the Form 941 employment taxes for the periods ending September 30, 1992, December 31, 1992, March 31, 1993, and June 30, 1993. Response at 2. Plaintiff argues, however, that the remainder of the disputed assessments are not barred by the statute of limitations because the limitations period is tolled by 26 U.S.C. § 6503(h) and 26 U.S.C. § 6330(e). Response at 3-4.

For any claim that arises prior to the filing of a bankruptcy action, the limitations period is tolled during the pendency of the bankruptcy action, and for six months thereafter. 26 U.S.C. § 6503(h); 11 U.S.C. § 362(a)(6). The tolling ends when the debtor is discharged, unless the case is earlier closed or dismissed. 11 U.S.C. § 362(c)(2). Defendant Barry Hart filed a petition for bankruptcy on May 29, 1992, and he was discharged on April 11, 1994. Declaration of Jennifer A. Giaimo, Exhibit O. Therefore, for those claims that arose before May 29, 1992, the statute of limitations is tolled for the period between May 29, 1992 and October 11, 1994, which is six months after April 11, 1994.

The limitations period at issue is also tolled from the date that a collection due process ("CDP") hearing is requested until the CDP determination becomes final. 26 U.S.C. § 6330(e). Absent withdrawal of the request or exhaustion of the right to appeal, the CDP determination becomes final upon the expiration of time for seeking judicial review. 26 C.F.R. § 301.6330-1(g)(1). On March 13, 1999, defendant Barry Hart filed a request for a CDP hearing for the assessments at issue. Declaration of Jennifer A. Giaimo, Exhibit P. The notice of CDP determination was issued on August 10, 2000, and provided thirty days from its date to file a petition with the United States Tax Court for redetermination. Declaration of Jennifer A. Giaimo, Exhibit Q. There is no evidence that Barry Hart filed a petition for redetermination. Therefore, the statute of limitations is also tolled for the period between March 13, 1999 and September 9, 2000, which is thirty days following August 10, 2000.

**III.**

The 1990 income tax was assessed against Barry Hart on September 30, 1991. Declaration of Jennifer A. Giaimo, Exhibit A. Without tolling, the claim would be barred after September 30, 2001. The limitations period is tolled for 865 days (May 29, 1992-October 11, 1994) for the bankruptcy action, and 546 days (March 13, 1999-September 9, 2000) for the CDP hearing. Accordingly, the claim would be barred if not raised by August 11, 2005. Defendant's motion to dismiss is denied because the claim was filed on April 5, 2005, and is therefore not barred by the statute of limitations (doc. 32).

The 1991 income tax was assessed against Barry Hart on October 25, 1993. Declaration of Jennifer A. Giaimo, Exhibit B. Without tolling, the claim would be barred after October 25, 2003. The limitations period is tolled for 351 days (October 25, 1993-October 11, 1994) for the bankruptcy action, and 546 days (March 13, 1999-September 9, 2000) for the CDP hearing. Accordingly, the claim would be barred if not raised by April 9, 2006. Defendant's motion to dismiss is denied because the claim was filed on April 5, 2005, and is therefore not barred by the statute of limitations (doc. 32).

The 1992 income tax was assessed against Barry Hart on November 22, 1993. Declaration of Jennifer A. Giaimo, Exhibit C. Without tolling, the claim would be barred after November 22, 2003. Plaintiff does not argue that this claim qualifies for tolling for the bankruptcy action. The limitations period is however tolled for 546 days (March 13, 1999-September 9, 2000) for the CDP hearing. Accordingly, the claim would be barred if not raised by May 21, 2005. Defendant's motion to dismiss is denied because the claim was filed on April 5, 2005, and is therefore not barred by the statute of limitations (doc. 32).

The following claims are also not barred by the statute of limitations because they qualify for the CDP hearing toll, and the taxes were assessed after the 1992 income taxes, which were not barred by the statute of limitations: the 1993 and 1994 income taxes which were assessed against Barry Hart and Mary Hart; the Form 940 employment taxes for the period ending December 31, 1993; and the Form 941 employment taxes for the

periods ending September 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, December 31, 1994 and March 31, 1995. Declaration of Jennifer A. Giaimo, Exhibit D-F, H-N. Defendants' motion to dismiss these claims is denied (docs. 32, 33).

The Form 941 employment taxes for the period ending June 30, 1992 were assessed on September 27, 1993. Declaration of Jennifer A. Giaimo, Exhibit G. Without tolling, the claim would be barred after September 27, 2003. The limitations period is tolled for 546 days for the CDP hearing (March 13, 1999-September 9, 2000). Therefore, without tolling for the bankruptcy action, the claim would be barred because it was filed after March 26, 2005.

Plaintiff argues that the limitations period should be tolled for the bankruptcy action. However, plaintiff's argument with regard to these taxes conflicts with plaintiff's argument with regard to the 1992 income taxes. In both situations, a portion of the taxes was accrued prior to the filing of the bankruptcy action on May 29, 1992, and a portion of the taxes was accrued after the filing of the bankruptcy action; and both taxes were assessed in late 1993. Plaintiff concedes that the bankruptcy tolling provision does not apply to the income taxes for the period ending December 31, 1992 because that was a post-petition tax period, but argues that the bankruptcy tolling provision does apply to the employment tax for the period ending June 30, 1992. Response at 5, 7. Plaintiff offers no explanation for this apparent inconsistency, and defendants did not file a reply. Regardless, defendant Barry Hart failed to address the tolling provisions in his motion, and failed to prove "beyond doubt" that plaintiff failed to state a claim upon which relief can be granted. Conley v. Gibson, 355 U.S, 41, 45, 78 S. Ct. 99, 102 (1957). Accordingly, we deny defendant's motion to dismiss plaintiff's claim to reduce the Form 941 employment tax liabilities to judgment for the period ending June 30, 1992 (doc. 32). Defendant is however free to raise this issue again in a motion for summary judgment.

**IV.**

**IT IS ORDERED GRANTING** defendant Barry H. Hart's motion to dismiss plaintiff's claims to reduce to judgment Form 941 employment tax liabilities for periods ending September 30, 1992, December 31, 1992, March 31, 1993, and June 30, 1993 (doc. 32) and **IT IS ORDERED DENYING** defendant Barry H. Hart's motion to dismiss all other claims (doc. 32).

**IT IS ORDERED GRANTING** defendant MJH Trusts' motion to dismiss plaintiff's claims to reduce to judgment Form 941 employment tax liabilities for periods ending September 30, 1992, December 31, 1992, March 31, 1993, and June 30, 1993 (doc. 33) and **IT IS ORDERED DENYING** defendant MJH Trusts' motion to dismiss all other claims (doc. 33).

**IT IS ORDERED DENYING** defendant Mary J. Hart's motion to dismiss plaintiff's claims to reduce to judgment income taxes for 1993 and 1994 (doc. 34).

Defendants shall file their answers no later than 10 days after notice of this order. Fed. R. Civ. P. 12(a)(4). **IT IS FURTHER ORDERED DENYING** defendants' second request for an extension to file an answer on grounds of mootness (doc. 26).

DATED this 15th day of December, 2005.

Frederick J. Martone

Frederick J. Martone
United States District Judge