**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | No. 05-CV-1008-PHX-FJM |
| Plaintiff,        ) | **ORDER** |
| vs.        ) | |
| Barry H. Hart, et al.,        ) | |
| Defendant.        ) | |

  Plaintiff filed this action to reduce the outstanding tax liabilities of defendants Mary J. Hart and Barry H. Hart ("defendants") to judgment, and to foreclose federal tax liens on property titled in the name of MJH Trust, Mary J. Hart, Trustee. The court has before it plaintiff's motion for summary judgment (doc. 74), and the supporting memorandum (doc. 75), statement of material facts (doc. 76) and declarations (docs. 77 and 80); defendant Barry H. Hart's response (doc. 87), the supporting memorandum (doc. 89), statement of material facts (doc. 88) and declarations (docs. 90 and 92), and "Mary J. Hart's Joinder in Barry H. Hart's Response to Plaintiff's Motion for Summary Judgment" (doc. 93); plaintiff's reply (doc. 96) and the supporting declarations (docs. 97 and 98); defendant Barry H. Hart's motion for summary judgment (doc. 81), the supporting memorandum (doc. 82) and declaration (doc. 83), and "Joinder of Mary J. Hart in Motion for Summary Judgment as to Defendant, Barry H. Hart" (doc. 84); plaintiff's response

1  (doc. 85) and the supporting declaration (doc. 86); defendants' reply (doc. 99); "MJH
2  Trust's Joinder in Barry H. Hart's Response to Plaintiff's Motion for Summary Judgment"
3  (doc. 94), "MJH Trust's Joinder in Barry H. Hart's Motion for Summary Judgment" (doc.
4  95) and plaintiff's "Response" (doc. 100) to documents 94 and 95.

5  **I.     Plaintiff's Motion for Summary Judgment**

6  Plaintiff moves for summary judgment on two central issues.  First, plaintiff
7  contends that defendants' tax assessments should be reduced to judgment because the
8  submitted proof of the assessments' accuracy renders them presumptively valid.  Second,
9  plaintiff argues that a lien should attach to defendants' residence ("Subject Property")
10 because it is within the reach of the federal tax lien statute, 26 U.S.C. § 6321.

11 On a motion for summary judgment under Rule 56, Fed. R. Civ. P., the moving
12 party carries the initial burden of demonstrating the absence of a genuine issue of material
13 fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  When
14 the moving party satisfies this initial burden, the burden then shifts to the nonmoving
15 party to establish that a genuine issue of material fact exists.  Id. at 324, 106 S. Ct. at
16 2553-54.

17 A.     Validity of Tax Assessments

18 "In an action to collect tax, the government bears the burden of proof."  United
19 States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983).  Introduction of the government's
20 assessment of tax due, supported by a minimal evidentiary foundation demonstrating that
21 the income used to calculate the tax liabilities was actually received, will satisfy that
22 burden and establish a prima facie case.  Id. at 1293-94.  The government may introduce
23 its tax assessment by way of a Certificate of Assessments, or Form 4340.  See Roberts v.
24 Comm'r, 329 F.3d 1224, 1228 (11th Cir. 2003).  Forms 4340 accompanied by the
25 undisputed existence of an income-generating business and returns filed by the taxpayer
26 will supply a sufficient evidentiary foundation.  See Edwards v. Comm'r, 680 F.2d 1268,
27 1270-71 (1982).  If a taxpayer fails to present evidence contesting the assessment, the
28

- 2 -

1  government is entitled to judgment for the assessed amount.  See Oliver v. United States,
2  921 F.2d 916, 919 (9th Cir. 1990).

3  Here, the government introduced Forms 4340 for each of the quarterly and annual
4  tax periods in which it claims defendants failed to satisfy their tax liabilities.  See
5  Declaration of Amy Matchison in Support of United States' Motion for Summary
6  Judgment ("Matchison Declaration") Exhibits A-D.  It is undisputed that defendant Barry
7  H. Hart's sole proprietorship, the Law Office of Barry H. Hart, incurred tax liabilities for
8  the years 1993, 1995, 1996, and 1998, and for various quarterly periods from 1992
9  through 1999.  See id at 2.  Furthermore, plaintiff's assessments of defendants' tax
10 liabilities are based in part on tax returns filed by defendants themselves.  See id at 2-3.
11 Finally, plaintiff's assessments rely in part on calculations of defendant Barry H. Hart's
12 adjusted gross income for the years 1995, 1996 and 1997, which are identical to Barry H.
13 Hart's own calculations.  Compare Barry H. Hart Certificate of Assessment for Tax
14 Periods Dec 1995, Dec 1996 and Dec 1997, Matchison Declaration Exhibit B with Barry
15 H. Hart Schedule A–Itemized Deductions[1] for the years 1995, 1996 and 1997, Matchison
16 Declaration Exhibit O.

17 To defeat plaintiff's motion, defendants must do more than deny its allegations;
18 they must present "specific facts showing that there is a genuine issue for trial."  Rule
19 56(e), Fed. R. Civ. P.  In their response, defendants first argue that plaintiff has no claim
20 against defendant Mary J. Hart for defendant Barry H. Hart's unpaid taxes that arose for
21 periods before July 11, 1992, the date defendants were married.  See Memorandum in
22 Support of Response to Motion for Summary Judgment as to Barry H. Hart and Mary J.
23 Hart at 2.  However, in order to reach community property, which is liable for a spouse's

---

[1] Line 2 of Schedule A directs taxpayers to enter their adjusted gross income, as reflected on their 1040 forms.  See Internal Revenue Service, Prior Year Forms, Instructions and Publications, available at http://www.irs.gov/formspubs/article/0,,id=98339,00.html.

- 3 -

1  premarital debt, spouses must be joined as party defendants. See A.R.S. §§ 25-215(B),
2  (D) (2006).[2]

3  Second, defendants highlight portions of plaintiff's motion, alleging purported
4  errors in the assessments. See Memorandum in Support of Response to Motion for
5  Summary Judgment as to Barry H. Hart and Mary J. Hart at 2-4. Yet defendants do not
6  support their contentions with any specific facts of their own. We therefore conclude
7  there is no genuine issue of material fact over defendants' tax liability, and grant
8  plaintiff's' motion for summary judgment on this issue.

9                        B.      Lien Upon Subject Property

10  The United States has a lien in the amount of tax owed upon "all property and
11  rights to property" belonging to any person liable for unpaid federal taxes after that
12  person has refused to pay the taxes after demand. 26 U.S.C. § 6321. The law of the state
13  in which the property is located determines " 'what rights the taxpayer has in the property
14  the Government seeks to reach.' " United States v. Craft, 535 U.S. 274, 278, 122 S. Ct.
15  1414, 1420 (2002) (citation omitted). Therefore, Arizona law determines defendants'
16  property rights in the Subject Property.

17  Plaintiff contends that defendants have a property interest in the Subject Property,
18  because although the property is ostensibly held by the MJH Trust, that entity is
19  defendants' alter ego for tax avoidance purposes. Memorandum in Support of the United
20  States' Motion for Summary Judgment at 3. Defendants argue that the MJH Trust owns
21  the property interest, and that the trust is a legitimate legal entity created to provide

---

[2] The community is liable "only to the extent of the value of that [debtor] spouse's contribution to the community property which would have been such spouse's separate property if single." § 25-215(C). At least one authority contemplates that a debtor spouse's earnings would qualify as separate property for these purposes. See Thomas A. Jacobs, Arizona Practice: Community Property Law § 12.3 (3d ed. 2004). However, neither party raised this issue; therefore, the court need not decide what fraction of the community property would have been separate property.

- 4 -

"privacy and protection."  <u>Memorandum in Support of Response to Motion for Summary Judgment as to Barry H. Hart and Mary J. Hart</u> at 9.

Although an alter ego theory is usually used to reach an individual's assets nominally held by a *corporation*, <u>see, e.g.</u>, <u>Dietel v. Day</u>, 16 Ariz. App. 206, 208 (Ariz. Ct. App. 1972), the same theory is used to reach assets held by a trust because "[t]he underlying principle is the sham nature of the arrangement."  <u>United States v. Lodi</u>, No. CIV. S-97-1972, 1998 U.S. Dist. LEXIS 13265, at*1, *22 (E.D. Ca. Aug. 14, 1998) (citing <u>Neely v. United States</u>, 775 F.2d 1092, 1094 (9th Cir. 1985)).  Therefore, we apply Arizona's alter ego theory to the present facts.

An entity is an individual's alter ego when there is a unity of interest and ownership between the entity and the individual, such that observing the form of the entity would work an injustice.  <u>See</u> <u>Dietel</u>, 16 Ariz. App. at 208.  The material considerations used to determine whether a trust is an alter ego are similar to those used to determine a corporation's status.  <u>See</u> <u>Deutsche Credit Corp. v. Case Power & Equipment Co.</u>, 179 Ariz. 155, 160-61 (Ariz. Ct. App. 1994) (listing the considerations material to determining whether a corporation is an alter ego).  A court may find that a trust is an alter ego where the taxpayer treats the trust property as his own,"minimal or no consideration is paid by the entity in consideration for the property, the taxpayer has expressed the intent to shelter assets via the trust mechanism, the taxpayer maintains 'active' or 'substantial' control over the operations and decisions of the property, and a family or close relationship exists between the taxpayer and the holding entity."  <u>See</u> <u>Lodi</u>, 1998 U.S. Dist. LEXIS, at *22-23.

In support of its alter ego theory, plaintiff argues that defendants have treated the property as their own by living in the Subject Property without paying rent, paying its property taxes, using the Subject Property to secure a loan, and including the mortgage interest paid on the Subject Property as a deduction on defendant Barry H. Hart's 1040 Schedule A form.  <u>See Memorandum in Support of the United States' Motion for Summary Judgment</u> at 16.  The MJH Trust paid the grantors ten dollars for the April 6,

1  1993 conveyance.  See Warranty Deed, Matchison Declaration Exhibit G.  Yet on the
2  same date, defendants executed a $330,000 promissory note in favor of the grantors.  See
3  Promissory Note, Matchison Declaration Exhibit H.  Plaintiff additionally contends that
4  defendants purchased the Subject Property in the name of the MJH Trust so that the
5  Subject Property would not be used to satisfy defendants' own tax liability.  See
6  Memorandum in Support of the United States' Motion for Summary Judgment at 15.  The
7  warranty deed by which the Subject Property's previous owners conveyed the property to
8  the MJH Trust lists two grantees: "Mary J. Hart, wife of Barry H. Hart, dealing with her
9  sole and separate property" and "Mary J. Hart, as Trustee of THE MJH TRUST;"
10 however, the former is typed over, presumably in favor of the latter.  See Warranty Deed,
11 Matchison Declaration Exhibit G.

12        In response, defendants state the following: the Subject Property was not
13 purchased in anticipation of tax collection as neither defendant had knowledge of the tax
14 liens at the time the Subject Property was conveyed to the MJH Trust; the MJH Trust
15 filed a tax return in 1999; the Trust "was not recorded" and "does not have an EIN
16 number;" several mortgage payments, property tax payments, property insurance
17 premiums, utility payments and maintenance costs related to the Subject Property were
18 paid with funds from the MJH bank account by Mary J. Hart as trustee; Barry H. Hart
19 took mortgage interest deductions on his own tax returns on the advice of his CPA, and
20 the MJH Trust is the "loss payee" on the Subject Property's homeowners' insurance
21 policy.  Memorandum in Support of Response to Motion for Summary Judgment as to
22 Barry H. Hart and Mary J. Hart at 5.  The evidence offered in support of these arguments
23 is limited to a Farm Bureau Financial Services Summary Declarations letter addressed to
24 "The M.J.H. Trust," which indicates the kind of insurance coverage provided under the
25 policy, the total annual premium, and the policy's effective date, "04-14-2006."
26 Declaration of Mary J. Hart in Support of Barry H. Hart's Response to Plaintiff's Motion
27 for Summary Judgment Exhibit 1.  Although the letter states that the insurance policy
28

1 covers household personal property and a dwelling, it does not specifically refer to the
2 Subject Property. See id.

3 Defendants' contentions are insufficient to rebut plaintiff's alter ego theory. Even
4 if there is a genuine issue of fact as to whether defendants created the trust solely for the
5 purposes of a tax shelter, that factor is insufficient to change the analysis or the outcome.
6 On the undisputed evidence, the MJH Trust's ownership of the Subject Property is a sham
7 arrangement. It is obvious that the MJH Trust is the alter ego of the individual
8 defendants.

9 Similarly, defendants' attempt to characterize the MJH Trust as a "separate and
10 distinct entity" capable of purchasing the Subject Property cannot shield the property
11 from a lien. Memorandum in Support of Response to Motion for Summary Judgment as
12 to Barry H. Hart and Mary J. Hart at 8. Defendants acquired an interest in the Subject
13 Property, under the alter ego theory described above, or under the alternative theory
14 described below, after defendants were married. See Declaration of Barry H. Hart in
15 Support of Barry H. Hart's Response to Plaintiff's Motion for Summary Judgment (stating
16 that defendants were married on July 11, 1992). Therefore, the Subject Property is
17 community property. See A.R.S. § 25-211; Evans v. Evans, 79 Ariz. 284, 286 (1955).
18 Community property may be used to satisfy both debts incurred by one spouse before the
19 marriage, as discussed infra, and those incurred during the marriage. See Lorenz-Auxier
20 Fin. Group v. Bidewell, 160 Ariz. 218, 220 (Ariz. Ct. App. 1989).

21 Because defendants have failed to set forth specific facts showing that the MJH
22 Trust is anything other than a sham entity, we grant plaintiff's motion on this issue. See
23 Fed. R. Civ. P. 56(e).

24 Alternatively, we conclude that defendant Mary J. Hart has a property interest in
25 the Subject Property notwithstanding the status of the MJH Trust. Both parties agree that
26 defendant Mary J. Hart is the sole beneficiary of the MJH Trust and that the Subject
27 Property is the trust's property. Restatement (Third) of Trusts § 3 cmt. b (2003) ("The
28 term 'trust property' denotes things or the interests in things that are held in trust."). The

1 beneficiary of a trust has a property interest in the things held in the trust. See id. at § 49
2 Reporter's Notes. Therefore, defendant Mary J. Hart's right to the Subject Property is a
3 property interest recognized under Arizona law and one upon which a federal tax lien
4 may be levied.

### II.     Defendants' Motion for Summary Judgment

Defendants move for summary judgment on two issues. First, defendants contend that plaintiff lacks the required authorization to pursue this action. Second, defendants argue that the tax assessed for the period ending on June 30, 1992, is time-barred.

Civil actions for the collection of taxes and enforcement of liens must be instituted at the direction of delegates of the Attorney General and after authorization or sanction by the Secretary of the Treasury. See 26 U.S.C. § 7401; Palmer v. United States, 116 F.3d 1309, 1311 (9th Cir. 1997). "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15, 47 S. Ct. 1, 6 (1926). Here, a delegate of the Internal Revenue Service's Office of Chief Counsel directed an Assistant Attorney General to bring this action against defendants. See Declaration of Amy Matchison in Support of the United States' Response to Motion for Summary Judgment as to Defendants Barry H. Hart and Mary J. Hart Exhibit A. Plaintiff was authorized and directed to file the Amended Complaint in this action by a delegate of the Attorney General. See id. at Exhibit B.

Defendants contest the validity of the official action on two grounds. First, they argue that plaintiff lacks authorization to bring this action because the letter directing the Assistant Attorney General to bring this action was written by a delegate of the Secretary of the Treasury, and not the Secretary himself. In support of this argument, defendants note that a 1976 amendment to Section 7401 substituted the word "Secretary" for the words "Secretary or his delegate," implying that only the Secretary himself may authorize a tax collection action. Reply in Support of Motion for Summary Judgment as to

1  Defendant Barry H. Hart at 2 n.1.  However, a treasury regulation interpreting Section
2  7401 states that "a Chief Counsel for the Internal Revenue Service or his delegate" may
3  authorize or sanction the commencement of a civil action like this.  26 C.F.R. § 301.7401-
4  1.  Defendants have not shown that the regulation is an unreasonable reading of the
5  statute.  See Ross v. Comm'r, 652 F.2d 1365, 1368 (9th Cir. 1981) (stating that "[t]reasury
6  regulations must be sustained unless unreasonable and plainly inconsistent with the
7  revenue statutes (in) that they constitute contemporaneous constructions by those charged
8  with administration of these statutes which should not be overruled except for weighty
9  reasons") (citing Comm'r v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S. Ct. 695,
10 698 (1948)).
11      Next, defendants contend that the letter in which the Assistant Attorney General
12 directed a United States Attorney to commence this action is insufficient under Section
13 7401, which requires that "the Attorney General or his delegate direct[] that the action be
14 commenced."  Specifically, defendants characterize the letter as "self serving" and
15 "fatally flawed on its face."  Reply in Support of Motion for Summary Judgment as to
16 Defendant Barry H. Hart at 3.  Defendants also question the authenticity of one of
17 plaintiff's exhibit, and highlight other immaterial details.  Id. at 3-4.
18      The defendants' unsupported arguments fail to provide the affirmative evidence
19 required to discredit the official action in this case.  The actions of the delegates of the
20 Secretary and the Attorney General complied with the requirements of 26 U.S.C. § 7401,
21 and therefore we deny defendants' motion as to this issue.
22      Second, defendants argue that the tax assessed for the period ending on June 30, 1992,
23 is time-barred.  Defendants contend that a May 29, 1992 bankruptcy action cannot toll the
24 statute of limitations on collection of those taxes because some of the taxes accrued before
25 the bankruptcy action was filed.  See Memorandum in Support of Motion for Summary
26 Judgment as to Defendant Barry H. Hart at 3.  However, the statute of limitations begins to
27 run in a tax collection action 10 years after the date of assessment, not the date of accrual.
28 See 26 U.S.C. § 6502(a)(1).  We have already established, and the parties do not dispute, that

1  the taxes for the period ending on June 30, 1992, were assessed on September 27, 1993; that
2  without tolling, the claim regarding that period would be barred after September 27, 2003;
3  that the limitation period on the claim was tolled for 546 days after September 27, 2003, until
4  March 26, 2005, as a result of a CDP hearing, and that without tolling for the bankruptcy
5  action, the June 30, 1992 claim would be time-barred. See Order of December 15, 2005
6  (doc. 42) at 4.

7  The bankruptcy action lasted 865 days (May 29, 1992 through October 11, 1994). Id.
8  at 3. However, the bankruptcy action tolled the claim only during the period in which the
9  statute was running; that is, after September 27, 1993. Therefore, the statute of limitations
10 was tolled from September 27, 1993, through October 11, 1994, and for an additional 6
11 months thereafter. See 26 U.S.C. § 6503. Without the applicable tolling for the bankruptcy
12 action, this claim would have been barred after March 26, 2005. However, the statute of
13 limitations was suspended for an additional 379 days, and another six months thereafter, until
14 October 10, 2006, pursuant to Section 6503. Because the tax liability claim for the period
15 ending June 30, 1992, is not time-barred, defendants' motion is denied as to this issue.

### III.  Defendant MJH Trust's Joinders

17 Plaintiff argues that both of the MJH Trust's joinders should be found untimely. See
18 United States' Response to MJH Trust's Joinder in Barry H. Hart's Motion for Summary
19 Judgment and MJH Trust's Joinder in Barry H. Hart's Response to Plaintiff's Motion for
20 Summary Judgment at 2. In light of our ruling, the issue is moot.

21 **IT IS ORDERED GRANTING** plaintiff's motion for summary judgment
22 (doc. 74) and **DENYING** defendants' motion for summary judgment (doc. 81).

23 DATED this 19th day of October, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge