**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,         ) | No. CV-05-1008-PHX-FJM |
|                            )   | |
| Plaintiff,          ) | **ORDER** |
|                            )   | |
| vs.                        ) | |
|                            )   | |
| Barry H. Hart, et al.,     ) | |
|                            )   | |
| Defendant.          ) | |
|                            )   | |

The court has before it defendant MJH Trust's "Motion to Enjoin and Cancel Trustee's Sale" (doc. 101), and a memorandum and declaration in support of that motion (docs. 102 and 103); plaintiff's "Response" (doc. 105); defendant MJH Trust's "Reply" (doc. 106) and defendant Mary J. Hart and Barry H. Hart's "Joinder/Response to MJH Trust Motion to Cancel/Enjoin Trustee's Sale" (doc. 107). Although plaintiff's response is styled as an opposition to the MJH Trust's motion, it in fact seeks the same relief the MJH Trust requests: that this court enjoin and cancel the scheduled sale of the personal residence of defendants Mary J. Hart and Barry H. Hart ("Hart defendants").[1]

---

[1] The Harts' personal residence is referred to throughout this case as the "Subject Property."

## I. BACKGROUND

Before addressing the merits of defendant's motion, we briefly review this case's procedural and factual history. Plaintiff filed this action to (1) reduce the outstanding tax liabilities of the Hart defendants to judgment, and (2) foreclose federal tax liens on property titled in the name of MJH Trust, Mary J. Hart, Trustee. On September 6, 2005, defendant SDH Investments answered plaintiff's amended complaint, and brought a counterclaim and petition for declaratory judgment.

In an order dated October 19, 2006, we granted plaintiff's motion for summary judgment on both causes of action, the only causes of action brought by plaintiff. We also concluded that although the Subject Property is nominally held by the MJH Trust, the trust's ownership of the property is "a sham arrangement," and that the Trust is the Hart defendants' alter ego. See Order at 7 (doc. 104). As a result, this order treats the motion and reply before the court as though they were brought by the Hart defendants themselves.

On November 3, 2006, defendant SDH Investments dismissed its counterclaim and petition for declaratory relief (doc. 108). Consequently, our order granting plaintiff's summary judgment motion, along with the dismissal of SDH's counterclaim and petition, render all of the claims of all of the parties in this action adjudicated. The parties, therefore, should lodge with us an appropriate form of final judgment as soon as possible, but in no event later than December 11, 2006.

## II. LIVENGOOD DEFENDANTS' SALE OF SUBJECT PROPERTY

With their motion, the Hart defendants ask the court to intervene in a dispute over an April 5, 1993 agreement they entered into with Gerald and Joyce Livengood ("Livengood defendants"), by which the Harts signed a promissory note agreeing to pay the Livengoods $300,000 in exchange for the conveyance of the Subject Property. See Promissory Note, Declaration of Mary J. Hart in Support of Motion to Enjoin ("Declaration") Exhibit 3. That note was secured by a "Deed of Trust;" essentially, a mortgage on the Subject Property. Id. The Livengood defendants are the Trust's beneficiaries. Id. On September 8, 2006, the Livengoods elected to sell the Subject Property after the Harts allegedly failed to make a

payment in accordance with the terms of the note. See <u>Statement of Breach or Non-performance</u>, <u>Declaration</u> <u>Exhibit 1</u>. The sale is scheduled for December 12, 2006, at Security Title Agency. <u>Id.</u>

The sale of the Subject Property may affect the ability of the Hart defendants' creditors to collect on their debts. Yet contrary to defendants' assertion, this court has never been asked to determine the amount or priority of any of those debts. Rather, this issue was conspicuously absent from both defendant Barry H. Hart's motion to dismiss and the parties' motions for summary judgment. Defendants' motion to enjoin, filed over one year after the original complaint, is the first pleading to ask the court to prioritize one debt over another. Even here, the issue is not properly briefed, and is one of many reasons the Hart defendants present in order to avoid the sale of their personal residence.

We have already found that plaintiff may reduce the outstanding tax liabilities of the Hart defendants to judgment and foreclose federal tax liens on the Subject Property. We urge the parties to seek enforcement of claims that we have already adjudicated, rather than to ask the court for untimely requests for collateral relief.

**IT IS THEREFORE ORDERED DENYING** defendant MJH Trust's "Motion to Enjoin and Cancel Trustee's Sale" (doc. 101).

DATED this 22nd day of November, 2006.

_____
Frederick J. Martone
United States District Judge

- 3 -